UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRUCE BURTON                                                                                  PLAINTIFF

V.                                                  CIVIL ACTION NO.  3:19-CV-845-KHJ-LRA

JPMORGAN CHASE BANK, N.A.,
JPMORGAN CHASE AND COMPANY,
NATIONAL CAR RENTAL, CARD
BENEFIT SERVICES, AND JOHN
AND JANE DOES A, B, C, D, E, F, AND G                          DEFENDANTS

ORDER

This action is before the Court on Defendants' Emergency Joint Motion to Enjoin State Court Proceeding [27]. For the following reasons, this Motion is denied.

I.        Procedural History

In October 2019, Bruce Burton ("Plaintiff") filed his first Complaint against Defendants JPMorgan Chase Bank, N.A., JPMorgan Chase & Company, Enterprise Leasing Company-South Central, LLC,[1] Card Benefit Services, and John and Jane Does A-H in Hinds County Circuit Court, alleging breach of contract, bad faith breach of contract, and obstruction of business. Compl. [1-1]. Plaintiff references an Enterprise car rental agreement and seeks compensation for automobile repairs performed by Smith Body Shop. *Id.* Plaintiff requests between $350,000 and $10,000,000 in compensatory and punitive damages. *Id.*

---

[1] Plaintiff incorrectly named Enterprise Leasing Company in the Complaint as National Car Rental.

Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Company removed the first state court action to this Court. [1]. Defendants JPMorgan Chase Bank, N.A., JPMorgan Chase & Company, and Enterprise Leasing Company-South Central, LLC later moved to dismiss this action. [9, 19].

A year later, and before this Court ruled on Defendants' motions, Plaintiff filed another Complaint in Hinds County state court against exactly the same Defendants listed in first Complaint, but this time, Plaintiff alleges negligence and gross negligence and seeks an unspecified amount of damages. [27-3]. Plaintiff references the same Enterprise car rental agreement and seeks a reimbursement for the cost of the same automobile repairs performed by Smith Body Shop. *Id.* The only meaningful difference between the first and second Complaints are the causes of action listed.

In November 2020, Defendants removed the second state court Complaint to federal court and moved to dismiss. [27-4]. This second-filed Complaint was assigned to a different judge than the first-filed Complaint. The Court on its own motion remanded the second action to state court, finding that the case did not meet the amount-in-controversy requirement. [27-5]. Defendants now ask this Court to enjoin the second-filed Complaint pending in state court, arguing that it improperly seeks to subvert this Court's removal jurisdiction.

II.     Standard

Federal courts may issue injunctions that are "necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651.  This authority, however, is

limited by the Anti-Injunction Act, which prohibits a federal court from enjoining a state court action unless "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This prohibition stands as a "pillar of federalism," protecting the "fundamental constitutional independence of the States and their courts." *Tex. Emp.'s Ins. Ass'n v. Jackson*, 862 F.2d 491, 497 (5th Cir. 1988) (internal citations omitted).

As a result, "federal courts are to be cautious about infringing on the legitimate exercise of state judicial power," *Texas v. United States*, 837 F.2d 184, 186 (5th Cir. 1988), and may only enjoin state court proceedings if one of the specific statutory exceptions to § 2283 applies. *Fulford v. Transp. Servs Co.*, 412 F.3d 609, 613 (5th Cir. 2005) (quoting *Atlantic Coast Line RR Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)). To respect these constitutional principles of federalism, a federal court should interpret the exceptions to the Anti-Injunction Act narrowly, resolving any doubts about the appropriateness of injunctive relief in favor of allowing the state court action to proceed. *Jackson*, 862 F.2d at 499 (quoting *Atlantic Coast Line RR. Co.*, 398 U.S. at 297)).

Congress has explicitly given the federal courts authority to stay a state court case that has been removed to federal court. 28 U.S.C. § 1446(d). The Fifth Circuit has interpreted this authority to also allow a district court to stay a later filed state court suit if the second suit was filed fraudulently in a clear attempt to subvert the purposes of the removal statute. *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899,

3

901 (5th Cir. 1975). A party attempts to subvert the purpose of the removal statute when the party files a second suit in state court seeking to relitigate an issue that the federal court has already decided or when the party adds a non-diverse, non-necessary party to the second suit to defeat the federal court's diversity jurisdiction. *See, e.g., Matthew v. Stolier*, 2016 WL 4180868, at *4 (E.D. La. Aug. 8, 2016) ("Plaintiffs, having obtained an unfavorable result on one of their removed claims, seek a second bite of the apple by refiling their claims in the State Action."); *Brown v. Seaboard Coast Line RR Co.*, 309 F. Supp. 48, 49 (N.D. Ga. 1969) ("The only real difference between the two complaints is that, in the subsequently filed complaint, plaintiff sues not one defendant, but two, adding [a non-diverse defendant]."). Outside these circumstances, a federal court generally will not enjoin a pending state court proceeding, even if those proceedings involve the same parties and legal issues. *Frith*, 512 F.2d at 901; *Jett v. Zink*, 474 F.2d 149, 156 (5th Cir. 1973).

    III.    Analysis

Defendants argue that the Plaintiff is trying to subvert the removal of the first state court Complaint pending before this Court by filing the second Complaint in state court and ask the Court to enjoin the state court proceedings. Equitable remedies, however, are typically only granted "when available legal remedies cannot adequately redress the injury." *W & T Offshore, Inc. v. Bernhardt*, 946 F.3d 227, 240 (5th Cir. 2019). Defendants acknowledge that another remedy is readily available—removing the state court action and contemporaneously moving to consolidate the cases. Thus, the Court need not issue an injunction.

While Plaintiff's filing of a nearly identical state court case is suspect, the Court is not inclined to take the extraordinary measure of enjoining a state court proceeding in absence of clear evidence that the Plaintiff fraudulently filed the state court action to circumvent the federal court's removal jurisdiction. Unlike the later filed complaints in *Brown* and *Stolier*, the second Complaint here does not try to take a second bite of the apple or defeat diversity jurisdiction by adding a non-diverse, non-necessary defendant. This Court must respect the constitutional independence of the state court and resolve any doubts about the appropriateness of injunctive relief in favor of allowing the state court action to proceed. Therefore, Defendants' Motion is denied.

IV.   Conclusion

This Court has considered all arguments presented by the Defendants in their Emergency Joint Motion to Enjoin State Court Proceeding [27]. Those not addressed in this Order would not have changed the outcome of this Court's decision. For the reasons stated, this Court DENIES the Defendants' Emergency Joint Motion to Enjoin State Court Proceedings.

SO ORDERED AND ADJUDGED this the 18th day of December, 2020.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE